IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY MARIA MYLES,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | 4:21-cv-00158-SMR-HCA<br><br><br>REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND PLAINTIFF'S MOTION TO REMAND |

## I.   INTRODUCTION

This Report and Recommendation addresses two Motions, each was filed by *pro se* plaintiff Kimberly Myles ("Myles"). The first, a Motion for Leave to Amend Complaint, was filed in state court on May 14, 2021. ECF No. 4. Myles seeks leave to amend her complaint to add the City of Des Moines, Iowa ("Des Moines") as a party. *Id.* Des Moines, acting as an Intervenor, filed a resistance in this court on May 28, 2021. ECF No. 6. Defendant Wells Fargo Bank ("Wells Fargo") also filed a resistance in this court on June 1, 2021. ECF No. 9. Myles did not file a reply. The Court does not need a hearing on the Motion. The Motion for Leave to Amend, ECF No. 4, is fully submitted and ready for review.

The second Motion was filed on June 2, 2021 and is labeled as a "Motion for Injunction;" however, it is in essence a Motion to Remand the case back to state court and the Court will treat it as such. ECF No. 10. Wells Fargo filed a resistance to the Motion to Remand on June 16, 2021. ECF No. 13. Myles did not file a reply. The Court does not need a hearing on the Motion. The Motion to Remand, ECF No. 10, is fully submitted and ready for review.

Both Motions were referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1).

## II.   BACKGROUND

Myles filed a three-count complaint in the Iowa District Court for Polk County on October 22, 2020. ECF No. 1-1, at 1-10. Myles brought claims against her former employer Wells Fargo Bank ("Wells Fargo"), and Lisa Ernesti ("Ernesti") and Jennifer Hays ("Hays") for race discrimination based on Wells Fargo's failure to promote and or hire plaintiff; age discrimination based on the same conduct; and retaliation. *Id.* at 3. Myles, Ernesti, and Hays are each residents and citizens of Iowa. *Id.* Wells Fargo is citizen of South Dakota. *Id.*

Plaintiff alleges Wells Fargo failed to promote her or hire her because of her age and race. *Id.* at 1-10. Plaintiff also alleges Wells Fargo retaliated against her for filing a charge of discrimination with the Des Moines Civil and Human Rights Commission ("DM CHRC"). *Id.* Plaintiff was employed by Wells Fargo in its Law Department. ECF No. 1-1, at 4. Myles resigned from her position in April of 2018. *Id.* In February of 2017, Plaintiff filed a Charge with the DM CHRC alleging race and age discrimination by Wells Fargo. *Id.* at 3. The Charge was transferred to the Iowa Civil Rights Commission at Plaintiff's request. *Id.* Plaintiff received a right to sue letter from the Iowa Civil Rights Commission ("ICRC") on July 23, 2020. *Id* at 5, 9.

Wells Fargo was served with the Original Notice and Petition on November 19, 2020. *Id.* at 13. At a hearing in state court on May 19, 2021, Wells Fargo noted that no proof of service had been provided for the two individual defendants, and Myles consented to dismissing Ernesti and Hays from the suit. ECF 1-1 at 70. On May 20, 2021, the Iowa District Court for Polk County entered an Order dismissing Ernesti and Hays from the litigation, leaving Wells Fargo as the only remaining defendant in the matter. *Id.* On May 27, 2021, Wells Fargo removed the case

to federal court based on diversity jurisdiction. ECF 1. Myles argues Wells Fargo's removal was untimely because it has been more than 30 days since Wells Fargo was served with the Petition. *Id.*

### III.   MOTION TO FOR LEAVE TO AMEND

The Court will first consider the Motion for Leave to Amend to allow Myles to add Des Moines as a party. Federal Rules of Civil Procedure 15 states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "There is, however, no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2005) (citations omitted); *see also, e.g., Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). "[L]eave to amend may be denied if it would be futile." *Johnson v. BE & K Construction Co., LLC*, No. 3:08-CV-00150-RP-RAW, 2009 WL 10664947, at *1 (S.D. Iowa May 14, 2009) (citations omitted). Futility is examined by determining if the amendments "state claims for relief under the applicable substantive law." *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 547 (S.D. Iowa 2007). "If the amendments fail to state claims upon which relief could be granted, denial of leave to amend is proper." *Id.* A proposed amendment may be denied as futile if it is time-barred. *See Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

Plaintiff seeks to add a claim of aiding and abetting against the City of Des Moines under the Iowa Civil Rights Act ("ICRA"). Both Wells Fargo and Des Moines argue the claims are futile because they are time-barred, so the Motion should be denied. A person seeking relief for an alleged unfair or discriminatory practice must first pursue administrative relief by filing a complaint with the ICRC. Iowa Code. § 216.16(1). An Administrative Charge must be filed no later than 300 days after the discriminatory event, or the claim is time-barred. Iowa Code §

216.15(13). Plaintiff filed a complaint with the ICRC against Wells Fargo but has not filed a complaint with the ICRC against the City of Des Moines alleging aiding and abetting.

Plaintiff filed a Charge against Wells Fargo with the DM CHRC in December 2016. ECF 1-1 at 5. In February 2018, Plaintiff met with a DM CHRC employment specialist and allegedly discovered documents were missing from her file. *Id.* The documents were retrieved and added back to her file two days later. *Id.* Plaintiff's file was then transferred, per her request, to the ICRC in April or May of 2018, and in June 2018 Plaintiff discovered evidence she had submitted to the DM CHRC was missing from the ICRC file. *Id.* Therefore, the latest the alleged aiding and abetting could have occurred would be in June of 2018. At the latest, Plaintiff would have had to file an administrative charge against the City of Des Moines by the end of April 2019. Any claim Plaintiff may have had against the City of Des Moines is time-barred, so allowing her to amend her Complaint to add Des Moines would be futile.

Even if Plaintiff's claims were not time-barred, she has failed to adequately allege aiding and abetting by Des Moines. In order to establish an aiding and abetting claim under the Iowa Civil Rights Act, Plaintiff must allege "1) a wrong to the primary party; 2) knowledge of the wrong on the part of the aider; and 3) substantial assistance by the aider in the achievement of the primary violation." *PFS Distribution Co. v. Raduechel*, 492 F. Supp. 2d 1061, 1084 (S.D. Iowa 2007) (citations omitted). Neither Plaintiff's Complaint or proposed amended complaint explains how the alleged mishandling of the file by the Des Moines aided or abetted Wells Fargo's alleged race or age discrimination. The Court is left to wonder what the wrong to Myles was, and whether the City of Des Moines "substantially assisted" Wells Fargo in discriminating against her. Further, Plaintiff's proposed amended complaint does not allege the City of Des Moines or its agents had knowledge of the wrong being committed against Myles. Myles'

proposed amended complaint fails to state a claim against the City of Des Moines on its face, so allowing the amendment would be futile.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Rose deny Plaintiff's Motion to Amend because the amendment would be futile. *See Johnson v. BE & K Construction Co.*, LLC, No. 3:08-CV-00150-RP-RAW, 2009 WL 10664947, at *1 (S.D. Iowa May 14, 2009).

### IV.   MOTION TO REMAND

Next, the Court considers Myles' Motion to Remand the case back to state court. Myles argues the case should be remanded because removal was untimely. Wells Fargo counters that remand was timely because it was done within 30 days of an Order rendering the case removable. Generally, a defendant wishing to remove an action from state court shall file the notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § (b)(3). Additionally, a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action. *Id.* § (c)(1).

On November 19, 2020, when Wells Fargo was served, the case was not removable because complete diversity did not exist between the parties as plaintiff Myles and former defendants Ernesti and Hays are each residents and citizens of Iowa. For a federal district court to have original subject matter jurisdiction, the civil action must arise under the laws of the United States or be between citizens of different states where the matter in controversy exceeds

$75,000. *See* 28 U.S.C §§ 1331, 1332. When Wells Fargo was initially served, Ernesti and Hays were named defendants in the complaint, so the parties were not diverse. There are no federal law claims[1] asserted so federal question jurisdiction does not apply.

After Hays and Ernesti were dismissed from the Complaint on May 20, 2021, Wells Fargo, a citizen of South Dakota, became the sole defendant. ECF 1 at 3. On that date, because Myles is a citizen and resident of Iowa and Wells Fargo is a citizen of South Dakota, complete diversity existed between the parties. Wells Fargo's removal was timely because it was done within 30 days of May 20, 2021, the first day in which the case became removable, and it was within one year of the commencement of the action. Additionally, the amount in controversy in this case exceeds $75,000. ECF 1-1 at 7-8. Therefore, the district court has original subject matter jurisdiction based on diversity over this action.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Rose deny Plaintiff's motion to Remand the matter to state court because Wells Fargo's removal was timely.

## V.     CONCLUSION

In conclusion, the undersigned respectfully **recommends**:

1. Judge Rose **deny** Plaintiff's Motion to Amend, ECF No. 4, because the amendment would be futile.

2. Judge Rose **deny** Plaintiff's Motion to Remand, ECF No. 10, the matter to state court because Wells Fargo's removal was timely.

**IT IS ORDERED** that Plaintiff has until **August 9, 2021,** to file a written objection to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and

---

[1] The Court notes that the record does not show plaintiff cross-filed her claims with the EEOC and she has not provided any right-to-sue-letter from the EEOC, a precursor to federal discrimination claims being asserted in the case.

Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED

Dated July 26, 2021.

*[signature: Helen C. Adams]*

Helen C. Adams
Chief U.S. Magistrate Judge