**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **Kimberly Maria Myles,** ) | Case No. 4:21-cv-158 |
| ) | |
| Plaintiff, ) | |
| ) | **Defendant Wells Fargo Bank, N.A.'s** |
| v. ) | **Reply Brief in Further Support of its** |
| ) | **Motion for Summary Judgment** |
| **Wells Fargo Bank, N.A.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), respectfully submits this Reply Brief in Further Support of its Motion for Summary Judgment.

## Introduction

Myles' "Resistance" to Wells Fargo's Motion for Summary Judgment consists solely of:

- A half-page document containing legal conclusions like "evidence is sufficient to by pass defendant's attempt to conceal by pretext disaparate treatment" [sic] and "evidence and case law of US Supreme Court's to confirm a reason mind would infer racial discrimination" [sic] (ECF No. 51);

- An "Appendix" of 28 unauthenticated exhibits, comprising Myles' work-related emails (which she impermissibly retained after her employment ended and also failed to produce or identify in response to discovery requests) and other irrelevant documents (ECF Nos. 51-1, 51-2); and

- A set of printed court opinions (ECF No. 51-3).

Notably *absent* from Myles' "Resistance," on the other hand, are:

- A brief that responds to the grounds Wells Fargo asserted in its motion for summary judgment, as required by Local Rule 56(b)(1);

- Response to Wells Fargo's statement of material facts in which Myles expressly admits, denies, or qualifies each of Wells Fargo's numbered statements of fact, as required by Local Rule 56(b)(2) (and which thereby are deemed admitted);

1

- A statement of additional material facts that Myles contends precludes summary judgment, as required by Local Rule 56(b)(3); and

- An appendix that conforms with Local Rule 56(e), as required by Local Rule 56(b)(4).

This Court should grant Wells Fargo's motion for summary judgment because (1) each of the facts it offered in its Statement of Undisputed Material Facts can stand as admitted, and those facts warrant entry of summary judgment under controlling law for the reasons Wells Fargo advanced in its motion papers, and (2) none of the "evidence" Myles offers in resistance to Wells Fargo's motion engenders a genuine question of material fact that precludes summary judgment.

## Argument

**A.    By Failing to Respond to Wells Fargo's Statement of Undisputed Material Facts, Myles Has Admitted All of the Facts Asserted Therein.**

"Even pro se litigants must comply with court rules . . . ." *Zanders v. U.S. Bank*, 2016 U.S. Dist. LEXIS 187301, *3 (S.D. Iowa Jan. 14, 2016) (Rose, J.) (citing *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)).

In this case, the applicable rules required Myles to "respon[d] to [Wells Fargo's] statement of material facts [and] expressly admit[], den[y], or qualif[y] each of [Wells Fargo's] numbered statements of fact." LR 56(b)(2). The rules further caution that "the failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." LR 56.

Not only did Myles fail to directly respond to *each* of Wells Fargo's numbered material facts, but she also failed to respond to them *at all*. She offers no narrative explaining why Wells Fargo's material facts are not thereby deemed admitted, nor does she offer any evidence (authenticated or not) that rebuts any of Wells Fargo's material facts or shows that they are in issue or contention such that a trier of fact must decide them.

This Court and others routinely deem such unrefuted facts as admitted for purposes of a summary judgment ruling, and this Court should do so here. *Zanders*, 2016 U.S. Dist. LEXIS187301, *3 ("[T]o the extent that [the pro se Plaintiff] failed either to cite his appendices or to respond specifically to the facts asserted, the Court treats each of these facts as admitted.") (citing *Holliday v. DeBruce Grain, Inc.*, 650 F. Supp. 2d 877, 878 n.1 (S.D. Iowa 2009) (applying local rules and treating facts as admitted) and *Onken v. McNeilus Truck & Mfg., Inc.*, 639 F. Supp. 2d 966, 970 (N.D. Iowa 2009) (un-responded-to statements deemed admitted)).

Wells Fargo will not repeat the arguments it raised in its opening Motion, except to state that they are well-supported by controlling, dispositive case law and the now unrefuted material facts Wells Fargo has previously provided to the Court. Accordingly, the Court should grant Wells Fargo's summary judgment motion on the grounds stated in its opening submission.

      **B.**      **Myles' Unauthenticated "Evidence" Does Not Engender a Fact Question Sufficient to Defeat Wells Fargo's Motion.**

"Judges are not like pigs, hunting for truffles buried in [the record]." *Morton v. Fort Madison Cmty. Hosp.*, 2011 U.S. Dist. LEXIS 162581, * 4 (S.D. Iowa Oct. 25, 2011) (quoting *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010) (alteration in original)). But hunting for truffles is exactly what Myles would have this Court do: she apparently believes that, somewhere in her 28 (unauthenticated) exhibits, a buried truffle or two of evidence, if found by the Court, will engender a fact question sufficient to defeat Wells Fargo's summary judgment motion. Myles, however, does not identify where those evidentiary truffles rest, just as she does not explain what they might look like or explain they defeat Wells Fargo's motion.

The Court can grant Wells Fargo's summary judgment motion on this basis alone. *Anderson v. AstraZeneca LP*, 2011 U.S. Dist. LEXIS 162553, *32 n.29 (S.D. Iowa Sept. 30, 2011) (granting summary judgment to defendant where plaintiff failed to cite any evidence in

3

support of his contentions because "[w]ithout adequate citation to the record—or even reference to the facts upon which [the plaintiff] seeks to rely—the Court cannot determine the factual basis for [the plaintiff's] argument").

But even if the Court were inclined to go on a truffle-hunting expedition here, it would return empty handed.

*First*, none of Myles' exhibits are "authenticated properly, by affidavit or in some other lawful manner," and they therefore should "not be considered by the court in ruling on [Wells Fargo's] motion for summary judgment." LR 56(e).

*Second*, even if the documents Myles offers were authenticated and constituted admissible evidence for purposes of this Rule 56 motion, none bears whatsoever on the material facts Wells Fargo offered in support of its motion for summary judgment.

Myles' Exhibit 1, for example, purportedly is an email discussing a coworker named Chris who was in the hospital and for whom two other employees, Katherine and Tina, would share backup duties during Chris's absence. How are Chris, Katherine, and Tina (whomever they are) and the coverage plan during Chris's absence relevant to this case? Myles offers no answers to these questions, and Wells Fargo is certainly unable to connect the dots for her.

As another example, Myles' Exhibit 8 is at least topically related Wells Fargo's motion: it purports to present an email thread between Myles, Jennifer Hays, and others in which Myles is seeking information about her past WILMMA case updates – one of the job duties in which she was underperforming and for which she was given a final warning on substandard job performance. (*See* SUMF ¶¶ 40, 45). The email thread does nothing, however, to prove or disprove the undisputed facts that (1) Myles was issued a Formal Warning because Hays observed she was not meeting expectations in two areas, one of which was WILMMA case

updates, or (2) that Myles acknowledged that her cases in WILMMA had not been updated within the required 60-day window. *Id.*

The remaining "exhibits" Myles submitted are no more relevant than these, and in most instances they are less so. In other words, there are no truffles in Myles' record, whether the Court hunts for them or not.

Thus, even setting aside the fatal procedural defects in Myles' "resistance," the Court should grant Wells Fargo's motion because no "evidence" Myles provided creates a fact dispute precluding entry of summary judgment.

## Conclusion

For the reasons stated above and in its opening Motion for Summary Judgment and supporting Brief, Statement of Undisputed Material Facts, and Appendix, the Court should grant summary judgment to Wells Fargo, dismissing this lawsuit and all of its claims with prejudice, and assessing costs to Plaintiff.

Dated: June 7, 2022.

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ Samantha M. Rollins
Michael A. Giudicessi, *Lead Counsel*
  michael.giudicessi@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Samantha M. Rollins
  samantha.rollins@faegredrinker.com
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.**

**Certificate of Service**

      The undersigned certifies that a true copy of **Defendant Wells Fargo Bank, N.A.'s Reply in Further Support of Its Motion for Summary Judgment** was served upon the Plaintiff by enclosing the same in an envelope addressed to her as a *pro se* Plaintiff and depositing in a U.S. Post Office box on June 7, 2022.

                                                    /s/ Trisha Richey

Original filed;
Copy to:

Kimberly Myles
P.O. Box 32124
Kansas City, MO 64171
  kmariamyles@outlook.com
*Pro Se Plaintiff*
US.350419537.02